IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IRON THUNDERHORSE, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v.  § | CIVIL ACTION NO. H-16-0973 |
| § | |
| LORIE DAVIS, § | |
| § | |
| *Respondent*. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Williams Lewis Coppola, a/k/a Iron Thunderhorse, a state inmate proceeding *pro se*, filed a section 2254 habeas lawsuit challenging parole, mandatory supervision, and time credit decisions made by the Texas Department of Criminal Justice. Respondent filed a motion to dismiss based on failure to exhaust (Docket Entry No. 16), to which petitioner filed a response (Docket Entry No. 19).

Having considered the motion, the response, the pleadings, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit for petitioner's failure to exhaust his state court remedies.

*Background and Claims*

Petitioner is currently serving a 99-year sentence for aggravated kidnaping. Four of petitioner's thirteen applications for state habeas relief are relevant to this federal proceeding:

(1) Petitioner filed an application for state habeas relief in May 2013, claiming that he should be released to mandatory supervision and not to parole based on the accrual of

"ABC credits for GED, 4 vocational courses, college, on-the-job training plus work time for first 25 years of confinement," for which he claims he was not credited. The Court of Criminal Appeals dismissed the application in January 2014 as "NONCOMPLIANT WITH TEX. R. APP. P. 73.1" *Ex parte Coppola*, WR-9,360-10.

(2) Petitioner filed his next application for state habeas relief in November 2013, challenging his sex offender status and the imposition of sex offender conditions of parole. The application was denied on the merits by the Texas Court of Criminal Appeals in March 2014. *Ex parte Coppola*, WR-9,360-11.

(3) Petitioner filed his twelfth state habeas application in April 2015, challenging his extradition and felony charges for failure to comply with sex registration requirements. The Texas Court of Criminal Appeals dismissed the application in July 2015 on jurisdictional grounds. *Ex parte Coppola*, WR-9,360-12.

(4) Petitioner's thirteenth and most recent state habeas application, filed in June 2015, challenged events in the state trial court habeas proceeding and the legality of his release on parole rather than on mandatory supervision. The Texas Court of Criminal Appeals dismissed the application in June 2016 as "NONCOMPLIANT WITH TEX. R. APP. P. 73.1." *Ex parte Coppola*, WR-9,360-13.

Petitioner argues in his amended petition (Docket Entry No. 14) that he was unlawfully released to parole instead of mandatory supervision on December 31, 2013, because he was not credited with all earned and accrued ABC good time credits, and because

the respondent failed to comply with an order by the state trial court to provide certain information in an earlier application for state habeas relief.

Respondent argues that petitioner's claims should be dismissed without prejudice as unexhausted.

### *Analysis*

The sole issue before this Court at this point is whether petitioner exhausted his state court remedies as to his claims for denial of mandatory supervised release predicated on an alleged failure to receive all earned and accrued ABC good time credits. In response to respondent's 15-page motion to dismiss for failure to exhaust, petitioner has submitted a 120-page response arguing that he should be allowed to proceed.

Of petitioner's four time-relevant applications for state habeas relief, only one – *Ex parte Coppola*, WR-9,360-11 – was denied on the merits. Consequently, if WR-9,360-11 raised the same issues as those raised herein, then petitioner has exhausted his state court remedies and he may proceed on the merits. If it did not, then this case must be dismissed without prejudice for failure to exhaust.

A review of WR-9,360-11 shows that petitioner's claims in that proceeding challenged rulings requiring his registration as a sex offender and the imposition of sex offender conditions of parole. Because the application did not raise the issues raised in the instant habeas proceeding, it did not act to exhaust petitioner's pending claims. Further, and contrary to petitioner's contentions, the United States District Court for the Eastern District

of Texas, Sherman Division, did not transfer this case to this Court after determining that petitioner had exhausted his claims. The case was transferred to this Court on the basis of improper venue, and no rulings as to exhaustion were made. (Docket Entry No. 8.)

The state court records clearly show that petitioner did not exhaust his state court remedies prior to filing this lawsuit, and respondent is entitled to dismissal of this case.

## *Conclusion*

The motion to dismiss (Docket Entry No. 16) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on March 22, 2017.

                                                    Gray H. Miller
                                              United States District Judge